J. T. FOSTER v. T. J. POWERS ET AL.

(Case No. 1869.)

1. PARTIES — FORECLOSURE — LIEN.— One holding a purchase money note to secure which an express lien was reserved in the deed to the land for which it was given, brought suit against the maker alone, and obtained judgment foreclosing the lien; under that judgment the land was sold. In a suit to recover the land, brought by a third party, who was a purchaser at the execution sale, and against one in possession of the land under deed from the first vendee when the suit to foreclose was brought, but who was not made a party to the suit to foreclose, held:

(1) When land is sold and the purchase money is to be paid, either wholly or in part, on a particular day, and a lien is expressly reserved to secure its payment, the sale is executory, and title does not pass to the vendee until the purchase money is paid, but remains in the vendor.

(2) In an executed sale the vendee takes title which he can convey to a third party, subject, however, to the vendor's lien as against such subsequent purchaser with notice. But to foreclose the implied vendor's lien in an executed sale so as to affect the title of a subsequent vendee, he must be made a party.

(3) A judgment in a proceeding between third parties cannot divest title out of one not a party, and is not admissible in evidence against him on an issue involving the title.

(4) The right of a subsequent purchaser of property claimed under executory contract is not, strictly speaking, an equity of redemption. It is the right to tender to plaintiff, in a foreclosure suit, the amount of unpaid purchase money to obtain a title.

(5) A subsequent vendee in possession is not a necessary party to a suit to foreclose an express lien reserved in a deed to his vendor, and the purchaser at sheriff's sale under the judgment of foreclosure, though a third party, may maintain trespass to try title against such subsequent vendee in possession, who was not a party to the suit to foreclose.

ERROR from McLennan.

*Robert H. Rogers* and *Wm. L. Prather*, for plaintiff in error.

*Clark & Dyer*, for defendants in error, on the proposition that a purchaser from a vendee, against whom a vendor has retained a vendor's lien, is a necessary party in a foreclosure proceeding by such vendor against such vendee, and if such purchaser be not made a party in such foreclosure suit, an action of trespass to try title cannot be maintained against him by a person (other than the original vendor) purchasing under the foreclosure sale, cited: Hall *v.* Hall, 11 Tex., 526; Mills *v.* Traylor, 30 Tex., 11; Carter *v.* Attoway, 46 Tex., 109; Peters *v.* Clements, 46 Tex., 125; Wright *v.* Wooters, 46 Tex., 382; Ewell *v.* Anderson, 49 Tex., 704; Byler *v.* Johnson, 45 Tex., 518. They contended that the fact that an express lien was reserved in the deed did not change the rule.

WILLIE, CHIEF JUSTICE.— The briefs of the respective parties to this cause present but a single question for our consideration.

This question arises upon the following state of facts: One Parker sold a tract of land to Isaac Bates, and in the deed reserved an express lien to secure two purchase money notes, one for $50 and the other for $521, executed by Bates in favor of Parker, and bearing even date with the deed. Bates and wife conveyed the same land to Fountain Jones for a paid consideration of $500. Jones conveyed the same land to T. J. & J. T. Powers for an express consideration of $900. Subsequent to this last sale, and while the defendants in error were in possession of the land, Parker sued Bates on the $521 note, and obtained judgment foreclosing his lien upon the land. Upon this judgment an order of sale issued under which the land was sold, and bought in at sheriff's sale by Foster, and he received from the sheriff a deed to the land. Defendants in error had notice of the lien when they purchased from Jones. This action of trespass to try title was brought by Foster to recover the land from the defendants in error. The ground of the defense was that the defendants were not made parties to the suit for foreclosure of the lien, and hence Foster could not maintain the action, as the defendants had no opportunity of adjusting equities in the foreclosure suit. This view the judge, to whom the cause was submitted without a jury, sustained, and rendered a judgment for the defendants below, from which this appeal is taken.

The question is as to the right of the plaintiff in error to dispos-

sess the defendants in an action of trespass to try title under the circumstances stated.

The settled doctrine of this court now is that, where land is sold, the purchase money to be paid either wholly or in part at a future day, and a lien is expressly reserved to secure its payment, the sale is executory, and title does not pass to the vendee till the purchase money is paid, but remains in the vendor. See Ransom v. Brown, decided at present term, and authorities cited.

In an executed sale the vendee takes the title and can convey it to a third party, subject, however, to the implied or vendor's lien in case the subsequent vendee has notice of its existence. See Ransom v. Brown, *supra.* Hence, to affect the title thus acquired, the original vendor must make the subsequent purchaser a party to any suit he may institute to foreclose the vendor's lien, and sell the property for its satisfaction.

No person can be divested of title to his property in a suit between other parties of which he has no legal notice, and a judgment rendered in such a suit is not binding upon him, and is not admissible in evidence against him in any future proceeding in which the title to the property is in controversy.

But, in the case of an executory contract, the party purchasing upon credit, having no title to the land, can convey none to his vendee. The latter, if he have notice, express or implied, of the state of the title, merely steps into the shoes of his vendor so far as title is concerned, no matter what may be the character of the deed made to him.

"Although a subsequent purchaser is a proper party in all suits to enforce a prior lien, yet he may not be a necessary party except to bar his equity of redemption." Ufford v. Wells, 52 Tex., 619.

But the right of a subsequent purchaser in an executory contract is not, strictly speaking, an "equity of redemption," for that term conveys the idea of title subject to an incumbrance; but it is, more properly speaking, the right to tender the plaintiff in the foreclosure suit the amount of unpaid purchase money and obtain a title.

He has neither title to the land nor an incumbrance upon it, as against the original vendor, which is to be affected by the judgment rendered in the foreclosure suit.

Hence, it has been held by this court in the case of Ufford v. Wells, *supra,* that when land had been sold under an order of sale issued upon a judgment in a foreclosure suit, such as the one we are considering, and had been bought by the original vendor, plaintiff

in the foreclosure suit, the latter could recover in an action of trespass to try title against a subsequent purchaser from his vendee, although such purchaser had not been made party to the foreclosure suit.

The only difference between that case and the present is, that the land was, in this case, bought by a third party, whilst in that it was purchased by the original vendor himself.

We do not see that this makes any difference in the rights of the parties in a subsequent action of trespass to try title brought to recover the land purchased at the execution sale. · The vendor having procured the foreclosure and sale, could not set up title as against the purchaser; but, whatever right the vendor had in the land passed by reason of the judgment of foreclosure, and the sale under it, to the purchaser at the sale.

The vendor was the only person holding the title at the commencement of the foreclosure proceedings.

The object of the foreclosure was to procure the amount due on the consideration money of the sale, by vesting the title to the land in whoever should buy it under the judgment to be had in the suit, and the plaintiff in the proceeding could not set up his own title as against such purchaser. The latter having possessed himself of the legal ownership of the land, was entitled to recover it against one holding no title whatever, and no right except that of obtaining title by payment of the consideration due, if indeed he had even that right in an action the only object of which was to try the title to the land.

The original vendor recovers the land from a subsequent purchaser by reason of his superior title in the land; this title having passed to the purchaser at execution sale, it seems consonant with reason that he should be allowed the same right of recovery.

The subsequent purchaser, having no title, cannot defend against a suit in which title alone is involved, as against one holding the undoubted title to the land. If the defendants in this case had equities to be adjusted, they could not defeat the plaintiff's recovery, and certainly could not have been allowed in this case, not having been claimed.

We think, therefore, that the court erred in holding that the plaintiff below could not recover the land in controversy in this action, for want of notice to the defendants of the proceedings in the foreclosure suit. For this error the judgment will be reversed, and the court, proceeding to render such judgment here as should have been

rendered below, adjudges that the appellant recover of the appellees the land in controversy, together with the costs of this court and the court below.

REVERSED AND RENDERED.[*]

[Opinion delivered February 6, 1885.]

---

[*] This case is published out of its order, on account of the record not being accessible in time for the Galveston cases.— REPORTER.