### R. R. CLARIDGE V. S. LAVENBURG.

No. 429.

**Administrator Can Not Readvertise Land for Sale Pending an Appeal by the Adverse Party—Entitled to Commissions, When.**—C. was administrator of the estate of D., which estate was insolvent, and there was no property belonging to said estate, except land incumbered by mortgage in favor of S. S. was the owner and holder of a claim against said estate, amounting to $9000, with interest and attorney's fees due thereon, secured by mortgage on land and approved by the court as a claim of the third class. On application of S., the court ordered the lands sold to satisfy the mortgage, and the costs of the probate proceedings. The lands were sold by the administrator, and bought by S. for $12,000. The sale was reported to the court and confirmed, and the administrator ordered to make title to the purchaser on his complying with the terms of the sale. The administrator tendered a deed to S. and demanded the purchase price, which S. declined to pay, and demanded that the purchase price for the land be credited on his claim. The administrator refused to deliver the deed. S. then applied to the court to compel the administrator to credit his bid on his claim and deliver to him the deed, which application was by the court dismissed, and S. appealed to the District Court. The administrator thereupon readvertised the land for sale, which sale was restrained by writ of injunction. *Held:*

1. The administrator was entitled to his commissions for receiving and paying out the money, and could not be deprived of them by S. claiming the right to credit his bid on the claim due him.

2. The administrator had no right to readvertise the land pending the appeal, and the sale was properly enjoined.

APPEAL from Bexar. Tried below before Hon. W. W. KING.

*C. K. Breneman,* for appellant.

*Upson & Bergstrom,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This is an appeal from a judgment of the District Court requiring the appellant, as the administrator of the estate of L. O. Dargan, deceased, to execute and deliver to the appellee a deed to certain real property sold by said administrator under

an order of the County Court, made while sitting in matters probate, and bid in by the appellee at said sale, and perpetuating an injunction theretofore issued against the appellant restraining him from offering for sale and reselling said property. The judgment of the District Court also requires the deed to be executed to and delivered by the appellant to the appellee, without the payment of any commissions to said administrator.

The judgment of the District Court was rendered in a cause wherein the case on appeal mentioned in our fourth conclusion of facts and the suit to enjoin the administrator from reselling the land were consolidated.

*Conclusions of Fact.*—1. The appellant, Rupert R. Claridge, is the duly qualified and acting administrator of the estate of L. O. Dargan, deceased.

2. That S. Lavenburg, the appellee, is the holder and owner of a claim against the said estate amounting to the sum of $9000, with interest thereon from the 2nd day of January, 1889, at the rate of 10 per cent per annum, and 10 per cent of the said amount in addition thereto as attorney's fees; that the said claim was duly approved as one of the third class by the County Court of Bexar County, Texas, and the said amount declared to be a valid lien and secured by a deed of trust upon certain lands described in the deed of trust executed and delivered by Dargan, deceased, to appellee. And the said County Court, upon application of S. Lavenburg to sell said property to satisfy the above mortgage thereon, duly directed appellant, as administrator, to advertise and sell the said land, and out of the proceeds to pay the appellee's said claim, principal, interest, and attorney's fees, and the costs of the proceedings in probate; that appellant, administrator, duly advertised the said lands for sale, and at the sale appellee bid the sum of sixty cents per acre, or the total sum of $12,000, and the same was duly struck off to him at that price; that the said sale to appellee was duly reported to the said County Court and was in all things confirmed, and the appellant, administrator, by decree of the said court, directed to make due conveyance of the said lands to appellee upon his complying with the terms of sale.

3. That appellant, administrator, duly prepared and tendered a deed to the said lands to appellee, and demanded that he comply with the terms of his bid; but appellee declined to pay the said sum of $12,000 to appellant, but demanded that said administrator deliver the deed and credit the amount of his bid on the said debt due him.

4. That appellee thereupon made application to the County Court to compel appellant to execute and deliver to him a deed to the said lands, and that the amount of his said bid be credited upon his said

claim; that the said court dismissed said application at the cost of appellee. From which order the appellee appealed to the District Court.

5. That thereupon appellant readvertised the said lands for sale, and was about to sell the same when restrained by the writ of injunction issued herein.

6. That the said estate of L. O. Dargan, deceased, is insolvent, and there is no fund or property out of which the fees the administrator, appellant, may be entitled to for making said sale can be paid, if he is entitled to any fees therefor.

*Conclusions of Law.*—Article 2190 of the Revised Statutes provides, that "Executors and administrators shall be entitled to receive and may retain in their hands 5 per cent on all sums they may actually receive in cash, and the same per cent on all sums they may pay away in cash in the course of administration." If the appellee had complied with the terms of sale the appellant would have received from him $12,000, and under the statute could have retained 5 per cent of it. He would have then had $11,400 in his hands to pay away in cash, less his 5 per cent commissions on the amount he would have so paid; or, making the calculation, he would have paid $10,857.15, and have retained $542.85, being 5 per cent on amount paid out. This payment would have gone to the appellee, and therefore it was unnecessary for him to pay the administrator what would have been at once paid back to him. But this would not, in our opinion, deprive the administrator of the compensation allowed him by the statute referred to.

The appellant had no right to readvertise the land for sale after the appellee had appealed from the order of the County Court to the District Court, and such sale was properly restrained by the writ of injunction. But it was error in the District Court to require the appellant to execute and deliver a deed to the appellee without allowing him the compensation for his services fixed by statute. Therefore the judgment of the District Court will be reversed and injunction dissolved, as it has served its only legitimate purpose, and appellant ordered to make and deliver the appellee a deed to the property, in the event he complies with the terms of the sale within thirty days after the mandate of this court is filed in the District Court, and in that event only. Should the appellee not comply with the terms of sale, then the appellant, as administrator of said estate, will be required to proceed with the sale of the property under the order of the County Court. The appellant will be personally charged with all costs of the injunction suit accruing in the District Court, and the appellee with the costs of appeal from the County to the District Court, and of the appeal to this court.

And the clerk of the District Court is ordered to certify this judgment down to the County Court for observance, as though it had been entered in the District Court.

*Reversed and rendered.*

Delivered April 18, 1894.

Motion for rehearing overruled.

Writ of error refused by Supreme Court, May 21, 1894.