PIONEER SAVINGS AND LOAN COMPANY V. J. D. PASCHALL ET AL.

No. 1371.

**1. Contract—Signature of One Party Only.**

A contract made by a building association for the erection of a house was signed by the contractor and delivered to the association, and upon the erection of the house, the association paid the contractor therefor. Held, that the contract was valid, though not signed by the association and was admissible in evidence in a suit between the association and the party for whom the house was erected.

**2. Subrogation—Vendor's Lien.**

Where a loan company pays off and discharges vendor's lien notes with money loaned by it to the maker of the notes, it is entitled to be subrogated to the lien of the holder of the notes.

**3. Contract for Improvements on Homestead—Lien.**

A written contract duly executed by the husband and wife for the erection of improvements on the homestead creates a valid lien, and all the written instruments subsequently executed in reference thereto, such as orders for the payment of the money, subscription of stock in the loan company, etc., will be construed together in connection with the contract in determining whether the loan company is entitled to a lien for the moneys so paid out.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE.

*Morris & Crow,* for appellant.—1. A contract is valid if all its terms are in writing and the instrument is accepted and acted upon by both parties, though signed by only one. Martin v. Roberts, 57 Texas, 564. The holder of a note executed for a loan applied to the discharge of the vendor's lien on property mortgaged to secure it, becomes subrogated to the discharged vendor's lien to the amount so applied. Hensel v. Association, 85 Texas, 215.

2. A valid lien is fixed on the homestead for improvements thereon when, after being contracted for in writing duly executed and acknowledged by the husband and wife as required in a sale of the homestead, the material is furnished and labor done and paid for in pursuance thereof, by the party that contracts to improve same. Cameron v. Gebhard, 85 Texas, 610; Walker v. House, 24 S. W. Rep., 82; Lippencott v. York, 24 S. W. Rep., 275 (86 Texas, 276); Lignoski v. Crooker, 24 S. W. Rep., 278 (86 Texas, 327); Heady v. Association, 26 S. W. Rep., 468; Walters v. Association, 29 S. W. Rep., 51; Luzenburg v. Bexar B. & L. Association, 29 S. W. Rep., 237.

*F. M. Etheridge*, for appellees.—1. Said purported contract was not signed and executed by the National Building, Loan and Protective Union. Const., art. 16, sec. 50; Building and Loan Association v. Logan, 66 Fed. Rep., 827 (929).

2. It being shown that appellees had paid appellant an amount largely in excess of the vendor's lien notes to which it sought subrogation, the court did not err in refusing to charge the jury to find a lien in favor of appellant for the amount paid out of the money so borrowed in satisfaction of such vendor's lien notes, in that the payments made by appellees to appellant should be taken in extinguishment of said vendor's lien notes. 2 Freeman, Ex., sec. 440.

LIGHTFOOT, CHIEF JUSTICE.—The following statement of the case by appellant is adopted: "This is a suit by appellant against the appellees, John D. Paschall and his wife, Allie Paschall, on a note for $1500, executed by the appellees to the National Building, Loan and Protective Union of Minneapolis, Minnesota, and to foreclose a mortgage lien on the homestead of the appellees—the money which said note and lien contract were given to secure having been used, as plaintiff alleged, to pay for the labor and material used in improving the homestead of appellees after they had duly executed and acknowledged the contract authorizing said improvement as required for husband and wife in making a sale of the homestead. Defendants denied the lien, and at the trial in the court below, April 12, 1895, appellant had judgment against Jno. D. Paschall for $1938.75, the principal, interest and attorney's fees as sued for, but the court charged the jury to find that appellant had no lien on said property to secure said debt, and they so found, and judgment was entered denying appellant foreclosure of its lien on said property. Appellant's motion for new trial was overruled, to which it excepted, and gave notice of appeal, and now brings the case before this court for review on the following assignments of error."

The first assignment of error is as follows: "The court erred in excluding from the jury the contract between Chas. Robbins and the National Building, Loan and Protective Union of Minneapolis, Minnesota, for the erection and completion of the residence of defendants, on which foreclosure is sought in this action, since the execution of said contract

was admitted, and though signed only by Chas. Robbins, it purports to be a contract between the parties named for the purpose stated, and it was shown that said Robbins did erect and complete said house contracted for, and was paid therefor by said Union out of the money defendants got for that purpose."

1. This assignment is well taken. The contract between the National Building, Loan and Protective Union and appellees for the construction of the building of appellees had been duly executed under the privy acknowledgment of the wife; said Union had bound itself to construct for appellees their residence; the Union entered into a contract with Chas. Robbins to build the house, which he had done, and for which he had been paid under the contract. The fact that the signature of the National Building, Loan and Protective Union was not signed to the contract would not render it invalid. It was signed by Chas. Robbins; it was delivered to the Union; it was acted upon by both parties; the house was constructed and paid for in accordance with the terms of the contract. In the case of Campbell v. McFadin, 71 Texas, 31, the Supreme Court says: "When one party to a written contract signs it, and the other accepts it without signing, the one failing to sign is as fully bound as if he had signed; and, as a consequence, is also entitled to its benefits to the same extent as if he had signed it." Martin v. Roberts, 57 Texas, 568, and authorities cited; Grover v. Hodges, 55 Pa. St., 515; Bish. on Cont., secs. 57, 167, 115-119.

2. In the second assignment of error appellant complains at the ruling of the court in refusing to subrogate the appellant to the rights of the holders of the vendor's lien notes upon the lot which were paid off out of the money furnished by the loan company. In its pleading appellant set up facts showing the payment of these vendor's lien notes out of the money furnished by the loan company, and asked to be subrogated to the rights of the holders of such lien under such payment. Appellant was entitled to this relief. Hensel v. Association, 85 Texas, 215, and authorities there cited.

3. The third assignment of error is as follows: "The court erred in charging the jury as follows: 'You are told that no recovery can be had so far as it is sought to enforce a lien on the homestead of the defendants,' and in refusing to submit to the jury the issue as to whether or not plaintiff was entitled to a lien, and in what sum, on the homestead of the defendants." This assignment of error is also well taken. There was a valid contract entered into by appellees and the loan company, whereby the latter agreed to erect the improvements upon the homestead of appellees in consideration of the sum of $1500; and it further appears that appellees subscribed for stock in the loan company, and that they made formal application to the company upon one of its loan blanks for the loan, and the amount of money agreed upon, which was furnished by the company, was mostly paid out upon the orders for the building of the house, and in payment of the vendor's lien existing upon the property. Appellees insist that this was a loan of money without reference to the

written contract between the parties, upon which the whole transaction was based. We can not agree to this contention, and must hold that the original contract, and all the instruments subsequently executed in reference thereto, must be considered together; and they show conclusively the purpose and object of the parties in procuring the money; and, in so far as such money was used in paying off the vendor's lien upon the property, the appellant became subrogated to such vendor's lien, and the court should have so instructed the jury as to have required them to find for the plaintiff the amount of such vendor's lien, and that the same should have been enforced against the property. Also, the amount of money expended in the construction of such building and in the material procured therefor, was a valid contract lien, and to that extent the lien under the contract should have been enforced against the property. Lippencott v. York, 86 Texas, 283; Walters v. Association, 29 S. W. Rep., 51; Cameron v. Gebhardt, 85 Texas, 610; Lusenberg v. Association, 29 S. W. Rep., 237; Heady v. Association, 26 S. W. Rep., 486; Walker v. House, 24 S. W. Rep., 82; Lignosky v. Crooker, 86 Texas, 237.

For the errors of the court above mentioned, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered February 22, 1896.