**WIER et al. v. YATES.   (No. 671.)\***

(Court of Civil Appeals of Texas.   Beaumont.
Jan. 23, 1922.   Rehearing Denied
Feb. 8, 1922.)

**1. Vendor and purchaser ⟜261(6)—Instrument held to convey vendor's reserved superior title, as well as his lien.**

Where a vendor, who had reserved superior title to secure payment of the price, executed and acknowledged an instrument whereby he sold and assigned the note for the price, and all his interest in the land, to the transferee and her heirs and assigns, the instrument operated to vest in the transferee not only title to the note and the vendor's lien, but also the reserved superior title to the land.

**2. Vendor and purchaser ⟜278—Reserved superior title not barred if purchase note and lien were extended; "maturity of such indebtedness."**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5694, barring the right to recover land under a reserved superior title, or enforce the lien for the purchase money note four years after the maturity of the indebtedness, but providing that the lien reserved in the note may be extended as provided in article 5695, the extension of the note and lien extends the period of limitation against recovery under the superior title, since the term "maturity of such indebtedness" in that event must be reckoned from the maturity date in the renewal contract.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Maturity.]

**3. Vendor and purchaser ⟜279—Subsequent purchasers are not necessary parties to foreclosure where vendor reserves superior title.**

Where the holder of the vendor's lien also held superior title to the land, subsequent holders under the purchaser's title, while proper parties, were not necessary parties to a foreclosure suit.

**4. Vendor and purchaser ⟜295—Omission to make subsequent purchasers parties to foreclosure does not aid them.**

Subsequent purchasers of land, who were not made parties to foreclosure suit by the vendor retaining superior title, cannot be bettered by the results of the suit.

**5. Vendor and purchaser ⟜288—Reserved superior title passes to purchaser at foreclosure.**

On foreclosure of the vendor's lien by one who also held the superior title, the purchaser at the foreclosure sale acquires the superior title.

**6. Vendor and purchaser ⟜263—Subsequent purchasers after reservation of superior title have only right of redemption.**

Purchasers of land subject to vendor's lien, with reserved superior title, acquire only the right of redemption, whether they claim under a voluntary conveyance or under a judgment against a former owner which was not for the recovery of the land by virtue of an outstanding title.

**7. Pleading ⟜90—Defendant can plead both limitations and other defense.**

Under Vernon's Ann. Civ. St. Supp. 1918, art. 1902, authorizing the answer to plead as many several matters as defendant shall think necessary, a defendant in trespass to try title who had purchased the land subject to a vendor's lien, with reserved superior title, can plead the four-year statute of limitations in bar of the superior title, and also his right to redeem if the plea of limitations is overruled.

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused March 29, 1922.

Trespass to try title by Frederick W. Yates against Annie T. Wier, E. M. Chester, and others. Judgment for plaintiff against all defendants, and for the defendant Wier against the defendant Chester on his warranty, and the defendants appeal. Reversed and remanded, with instructions to render judgment against defendant Wier on her tender of payment of the note, and in favor of defendant Wier against defendant Chester on his warranty.

E. M. Chester, O. J. Todd, and W. G. Reeves, all of Beaumont, for appellants.

Orgain & Carroll, of Beaumont, for appellee.

WALKER, J. This suit was instituted by appellee against appellants in the form of trespass to try title. Appellants Annie T. Wier and her husband answered by a general denial, plea of not guilty, the two, three, four, five, and ten years' statutes of limitation, and also specially plead their equitable right of redemption as follows:

"And further pleading herein the alternative, this defendant says that he purchased the land in controversy for a good and valuable consideration, without notice, actual or constructive, of any rights in the plaintiff, or those under whom he claims to said land, and believing that he was getting a good title thereto, and, if the said plaintiff herein, or those under whom he claims, had any right to the premises, same was by virtue of a certain vendor's lien note, which note has never been foreclosed against this defendant, and, in the event it shall be found that said note, or any lien securing the same, or any superior title by reason of said note, or any deed conveying the property, now exists in the plaintiff, then this defendant says that he is ready and willing, and has at all times been ready and willing to do and perform any and all acts and things which justice and equity demand in the premises, and he now offers, in event it is found that plaintiff has such rights, to pay off and discharge any such lien or claim in full, and he now tenders into court the sum of $2,000, or such portion of the amount thereof as may be necessary to be used in satisfying any such lien or claim in the event same is found to exist, and to be valid and enforceable against said property."

The plea of four years' limitation was as follows:

"And further answering herein, this defendant says that plaintiff cannot recover against him herein, because any claim of the plaintiff for foreclosure of the lien or recovery of the property, based upon any such alleged superior title, is barred under the four years' statute of limitation of the state of Texas, and is especially barred under articles 5693, 5694, and 5695 of Vernon's Sayles' Texas Civil Statutes, and of this defendant puts himself upon the country."

Briefly stated, the facts are as follows:

The parties to this suit made the following agreement as to the title:

"It is agreed by and between all parties to the above numbered entitled cause that, on the 30th day of November, 1910, the same being the date of the deed from Harvey D. Fletcher to W. C. Averill, the said Harvey D. Fletcher was the owner in fee simple, under a regular and consecutive chain of transfer from and under the sovereignty of the soil, of the land in controversy herein."

The deed from Fletcher to Averill referred to in said agreement conveyed the land in controversy, "said deed retaining a vendor's lien to secure the payment of the $1,000 note given as part purchase price of said land." This note was due and payable one year after date. By instrument dated the 2d day of December, 1910, H. D. Fletcher conveyed to Miss Kate Rogers the above-described note and vendor's lien. This instrument was as follows:

"That I, Harvey D. Fletcher, of the county of Jefferson, state of Texas, for and in consideration of one thousand $^{00}/_{100}$ dollars, to me in hand paid by Miss Kate Rogers, the receipt of which is hereby acknowledged, have this day bargained, sold and conveyed, and by these presents do bargain, sell, convey and assign unto the said Miss Kate Rogers, one certain land note executed by W. C. Averill in favor of Harvey D. Fletcher in the sum of one thousand $^{00}/_{100}$ dollars, dated November 30, 1910, and bearing interest from that date at the rate of eight per centum per annum, together with an attorney's fee of ten per cent., and due on the 30th day of November, 1911, said note having been executed in part payment for the following described tract of land situated in the county of Jefferson, state of Texas, being ten acres of land out of the H. Williams, Jr., H. R. survey, division No. four (4) of subdivision No. four (4) of said survey as indicated in the division of the estate of Ellen R. Collins, dec'd. And I also hereby bargain, sell and convey unto the said Miss Katie Rogers all of the right, title and interest owned or held by me in said land by virtue of said note herein conveyed and executed, said land and notes being fully set out and described in a deed executed by me to the said W. C. Averill and recorded in volume ——, page ——, Record of Deeds for Jefferson County, Texas, which is referred to and made a part hereof for further description. To have and to hold unto the said Miss Katie Rogers, her heirs and assign the above-described note, together with all and singular the contract lien, vendor's lien, rights, equities, titles and interest in said land, which I have by virtue of being the original vendor in said deed and payee in said note and the legal holder and owner of said note. And I do hereby bind myself, that said note is the first and only lien on said land and that all payments, offsets and credits to which said note is entitled appear on the back of said note and I hereby authorize the said Miss Katie Rogers, her heirs and assigns, to release the said vendor's lien on payment of said note by duly executed release.

"Witness my hand, this 2d day of December, A. D. 1910. * * *"

W. C. Averill, Leon R. Levy, and Miss Katie Rogers, by an instrument dated the 10th day of February, 1915, duly extended and renewed this note and lien. Appellants, in their brief, admit that—

"The effect of this instrument is to extend the note, which incidentally had the effect of extending the lien."

Miss Rogers instituted suit against W. C. Averill to foreclose the vendor's lien, and secured judgment against him on the 12th day of April, 1916. The land was sold under this judgment and conveyed to Leon R. Levy by deed dated June, 1916. Levy conveyed to F. W. Yates by deed dated February 8, 1918. Yates instituted this suit on the 11th day of February, 1918.

By judgment rendered the 15th day of December, 1914, one J. V. Fleming recovered the land in controversy from W. C. Averill and Barr C. Averill. Said Fleming conveyed to E. M. Chester by deed dated the 1st day of March, 1915, and Chester conveyed to appellant Annie T. Wier, by deed dated 29th day of March, 1915. The suit was instituted against Mrs. Annie T. Wier and her husband, D. S. Wier, E. M. Chester, and B. Deutser. Judgment was against Deutser and Chester on their disclaimer, and against Mrs. Wier and her husband on a trial on the merits. Judgment was rendered for Mrs. Wier against Chester on his warranty.

## Opinion.

[1] The conveyance from H. D. Fletcher to Miss Katie Rogers operated to vest in her not only title to the note and the vendor's lien described in said conveyance, but also vested in her the superior title to the land. We think this must follow from the language of the instrument. In addition to conveying the lien and note, it purported to convey "all the right, title and interest owned and held by him (H. D. Fletcher) in said land by virtue of said note." It was said in Atteberry v. Burnett, 102 Tex. 118, 113 S. W. 526, that the vendor of land under an executory contract of sale holds "the legal title to the land in trust to secure the payment of the note." The intent to convey the superior title, we think, also fully appears from the habendum clause of the instrument.

[2] Another proposition advanced by appellants is that, notwithstanding the note and lien had been renewed, the superior title was barred by the four years' statute of limitation, under article 5694, Vernon's Sayles' Ann. Civ. St. 1914. It is their proposition that the superior title becomes barred four years after the maturity date of the note as given in the original contract, and that, while the note and lien can be renewed under articles 5694 and 5695, the superior title cannot, as nothing is said in these articles about renewing the superior title. Article 5694 is as follows:

"The right to recover any real estate by virtue of a superior title retained in any deed of conveyance heretofore or hereafter executed, or in any vendor's lien note or notes heretofore or hereafter executed, given for the purchase money of such real estate, shall be barred after the expiration of four years from the maturity of such indebtedness, and if suit is not brought for recovery of such real estate, or for the foreclosure of the lien to secure such note or notes within four years from the date of the maturity of such indebtedness, or if suit is not brought within such time for the recovery of the land by the original vendor, or his transferee, or for the foreclosure of the lien given to secure such notes, the purchase money therefor shall be conclusively presumed to have been paid in any suit to recover such land or to enforce a lien thereon, and the lien reserved in any such notes and deeds conveying the land shall cease to exist four years after the note or notes have matured, provided the lien reserved in such note or notes may be extended as provided in section 5695, of this chapter and provided, if several obligations are secured by said deed of conveyance, the same may be enforced at any time prior to four years after the note or obligation last maturing has matured and may be enforced as to all notes not then barred by the four years statute of limitations."

We cannot agree to such construction of this article. Prior to the enactment of article 5694, it was the settled law of this state that the bar of the note did not impair the superior title remaining in the vendor, under an executory contract of sale, and that he could recover the land by virtue of this superior title, though the note was barred. This condition of the law caused much confusion in land titles, and this article was enacted to relieve this condition. Its plain import is to bar the superior title when the holder of the note permits the lien to become barred by the four years' statute of limitation.

It seems to us that the "maturity of such indebtedness," as that term is used in article 5694, must be reckoned from the maturity date as given in the renewal contract, because in article 5695 it is provided:

"The date of maturity set forth in the deed of conveyance or deed of trust or mortgage or *the recorded renewal and extension of the same* shall be conclusive evidence of the date of maturity of the indebtedness therein mentioned. [Italics ours.]"

The Legislature thus provided a method of reckoning the date when limitation shall begin to run.

A method of extending the note and lien is provided by the act of which this article was a section, and, when so extended, the status of the parties to the original contract remains unchanged. As the note and lien in this case were extended under the provisions of article 5695, before they became barred, the period of four years' limitation against the superior title was interrupted, and did

not run again until the note matured under the terms of the extension. This suit was filed before the expiration of four years after such extension, and hence there was no bar against the superior title. Mr. Justice Levy, of the Court of Civil Appeals for the Sixth Supreme Judicial District, must have had this construction in mind when he said, in Godley Lumber Co. v. Slaughter, 202 S. W. 801:

"The appellant insists that the appellee's right to recover the land by virtue of being the holder of the superior title is barred by the statute of limitations of one year, under Act Special Session of 1913, p. 39 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5695). The note was dated December 5, 1905, due five years after date. The conveyance of the superior title to appellee was made April 15, 1915. Article 5694, Vernon's Sayles' Statutes, has application, it is believed to this case. That article provides four years after the maturity of the note as the period of limitation on the right to recover the land by the vendor or his transferee, unless such time should be extended, which was not involved here, under the provisions of article 5695. Adams v. Harris, 190 S. W. 245."

As we believe our construction of article 5694 is correct, we pretermit a discussion of that provision of article 5695 relating to vendor's lien notes executed subsequent to July 14, 1905.

[3-6] As Miss Rogers held the superior title to the land, as well as the note and vendor's lien, the subsequent holders under the Averill title, while proper parties, were not necessary parties to a foreclosure suit. Ufford v. Wells, 52 Tex. 617; Stone Cattle Co. v. Boon, 73 Tex. 555, 11 S. W. 544. Under this proposition, neither Fleming nor Chester nor the Wiers were necessary parties to the foreclosure suit of Miss Rogers against W. C. Averill. But, not being parties to that suit, their condition was in no way bettered by the results of the suit. Gardener v. Griffiths, 93 Tex. 355, 55 S. W. 314. Whatever right Miss Rogers had in the land passed to Leon R. Levy, the purchaser under her foreclosure sale. Foster v. Power, 64 Tex. 247. It follows, then, as purchaser under such foreclosure, Levy acquired the superior title to the land. This title he conveyed to appellee. Fleming, Chester, and the Wiers claimed the land by virtue of the judgment rendered in Fleming's favor against W. C. Averill on the 15th day of December, 1914. But as it was agreed that H. D. Fletcher was the owner in fee simple of the land at the time he conveyed it to Averill, under the executory contract of sale, it follows that Fleming did not recover the land by virtue of an outstanding title. (The record is silent as to the basis of Fleming's suit against Averill.) This conclusion placed Fleming and those holding under him in the same status in regard to the title as if they had held under a voluntary conveyance from W. C. Averill. The only interest, then, they had in the land was the right of redemption. Ufford v. Wells, supra; Foster v. Power, supra; Stone Cattle Co. v. Boon, supra.

[7] As sustaining the trial court in denying to appellants their right of redemption, appellee advances the following counter proposition:

"One seeking to enforce the right of equity of redemption cannot oppose the right of recovery by plaintiff, and make tender in support of the right of equity of redemption in the alternative. The tender must be unconditionally and recognized in plaintiff the right to same"— citing Stone Cattle Co. v. Boon, supra, and Bolden v. Hughes, 48 Tex. Civ. App. 496, 107 S. W. 91.

Neither of these cases is in point, as no tender was made of the unpaid purchase money. In the Boon Case, supra, discussing similar facts, where defendant had pleaded limitation, and had further alleged his willingness to bring into court the unpaid balance of the lien debt, and prayed to be allowed to do so, the Supreme Court said:

"We think a vendee so situated and failing to pay the purchase money before suit, if the vendor elects to sue for the land, can only get protection through a court of equity by bringing the money into court and placing it in the power of the court."

We do not believe appellee's counter proposition is sound. Article 1902, Vernon's Ann. Civ. St. Supp. 1918, provides:

"The defendant in his answer may plead as many several matters, whether of law or fact, as he shall think necessary for his defense, and which may be pertinent to the cause; provided, that he shall file them all at the same time and in due order of pleading; provided, that a general denial of matters pleaded by the adverse party which are not required to be sworn to shall be sufficient to put the same in issue."

Under this article appellants had the right to plead the several statutes of limitation, and in the alternative, make a tender of redemption. Mason v. Bender, 97 S. W. 715. The pleas of not guilty, general denial, and limitation should not be construed as an estoppel against appellants to assert their right of redemption, nor as an abandonment by them of such rights under Fetcher's deed to Averill. If this is not a sound proposition as applied to pleadings of this character prior to the enactment of article 5694, we think it would now lie in a proper construction of that article. Appellants' plea of four years' limitation was directed not only against the outstanding lien, but also against the superior title. Facts barring the lien would have barred the superior title. It should not be held, then, that such a plea of limitation was an abandonment of the rights under the Averill deed. Prior to the

enactment of article 5694, the subsequent vendee, under an executory contract of sale, had only the right of redemption. Now he is given the additional defense of limitation. To sustain appellee's proposition would force such holder to elect, at his peril, his defense, and, at peril of losing his right of redemption, force him to abandon an issue of limitation. Such a construction, we think, would be in direct violation of article 1902.

From what we have said, it follows that judgment of the trial court must be reversed. We therefore reverse such judgment, and remand this cause to the trial court, with instructions to render judgment against the Wiers, in favor of appellee, on their tender for the amount of the note, according to its face, tenor, effect, and reading, less credits, if any, with foreclosure of the vendor's lien reserved in said note and in the deed from Fletcher to Averill and for judgment in favor of Mrs. Wier against E. M. Chester on his warranty.

HIGHTOWER, C. J., not sitting.