## THOMPSON v. LITWOOD OIL & SUPPLY CO. et al. (No. 375.)

(Court of Civil Appeals of Texas. Waco. June 10, 1926. Rehearing Denied Oct. 21, 1926.)

**1. Mortgages ⬅️158.**

A lien created by deed of trust is impressed with character of debt which it is given to secure, and, if it is given to secure purchase money, it has status of purchase-money liens, as respects priority, in view of Const. art. 16, § 50.

**2. Vendor and purchaser ⬅️266(8).**

Unpaid vendor did not waive right to satisfy purchase-money debt out of property by causing sale of property under trust deed and by purchasing at sale.

**3. Mortgages ⬅️378.**

Sale of property under trust deed, given as security for vendor's lien notes, will bar any right which immediate vendees might assert in property.

**4. Vendor and purchaser ⬅️295.**

Subsequent purchasers or lienholders, who are not made parties to suit to foreclose vendor's lien arising out of executory sale, are entitled to redeem by paying remainder of purchase money remaining unpaid.

**5. Mortgages ⬅️594(3)—Subsequent purchasers having no notice of deed of trust are entitled to redeem in event of sale thereunder.**

Where subsequent purchaser or lienholder had no actual nor constructive notice of existence of deed of trust conferring power of sale until after sale thereunder at instance of vendor, they are entitled to redeem by paying remainder of purchase money still due.

**6. Vendor and purchaser ⬅️230(3), 260(1).**

Since every one dealing with property was charged with notice of purchase-money debt and lien reserved in deed to secure same, that vendor did not promptly record his deed of trust will not subordinate his lien to rights acquired by subsequent purchasers or lienholders.

**7. Appeal and error ⬅️1177(4).**

Where trial court erroneously overruled demurrers reviewing court will not render judgment, but will remand case for another trial, since plaintiff may have been misled by court's ruling.

Appeal from District Court, Tarrant County; H. S. Lattimore, Judge.

Suit by the Litwood Oil & Supply Company against W. W. Harris, W. P. Thompson, and others, to recover a debt and foreclose a deed of trust lien. Judgment for plaintiff, and defendant Thompson appeals. Reversed and remanded.

Ritchie & Ranspot, of Mineral Wells, and John H. Eaton, of Gordon, for appellant.

W. L. Coley and E. S. Allen, both of Fort Worth, for appellees.

GALLAGHER, C. J. This suit was instituted by appellee Litwood Oil & Supply Company, a corporation, to establish and recover a debt against its coappellees W. W. Harris, W. C. Harris, W. L. Andrews, and H. W. Byers, and to foreclose against them a deed of trust lien on a certain tract of land situated in Tarrant county, and to determine the rights, if any, of appellant, W. P. Thompson, in and to said tract of land. The Litwood Oil & Supply Company, being the active litigant, will be designated as appellee, and the other appellees will be referred to when necessary by name. An agreed statement of the facts was made and filed as a part of the record. It appears from the same that said tract of land was owned by appellant; that on the 20th day of June, 1922, he conveyed the same to said W. W. Harris, W. C Harris, and W. L. Andrews, and received as part of the purchase price therefor a vendor's lien note for the sum of $1,300. The vendor's lien was acknowledged in said note and expressly retained in said deed, and at the same time said purchasers executed and delivered to appellant a deed of trust on said tract of land to secure said note. Said deed of trust was not filed for record until August 13, 1923, and said deed was not filed for record until September 14, 1923. On August 14, 1922, before either of said instruments was filed for record, said Harrises and Andrews executed and delivered to appellee certain promissory notes, and to secure the same executed and delivered to it a deed of trust on said tract of land. The notes sued on are those of said series remaining unpaid. Said deed of trust

was filed for record August 21, 1922. Thereafter, on May 11, 1923, said Harrises and Andrews conveyed said tract of land to said H. W. Byers, who assumed the $1,300 note due appellant and the notes here sued on by appellee. This deed was filed for record June 11, 1923. On May 16, 1923, said Byers conveyed said land to J. S. Ray, who purchased subject to appellant's $1,300 note. Ray was not made a party to this suit. Appellant caused said tract of land to be sold under his deed of trust on the first Tuesday in September, 1923, at which sale he became the purchaser for the sum of $1,000, which was credited on his said $1,300 note. The deed from the trustee to him was filed September 11, 1923. Following said sale appellant took possession of said tract of land and has since held possession thereof continuously. No complaint of his action in taking possession is made. There is nothing indicating that appellant had any actual notice of appellee's deed of trust or that it was claiming any lien on said property prior to said trustee's sale. None of the other parties to this suit had any actual notice of said sale until after it was made, and appellee had no notice of the existence of said deed of trust at the time it acquired its said lien. Subsequent to said sale and prior to the institution of this suit, appellant offered to convey said land to appellee if it would pay him the amount of said vendor's lien note. He made a like offer to said Byers. Both said offers were refused.

Appellant filed an answer, in which he demurred to appellee's petition and also set up such of the facts above recited as he deemed material to the rights asserted by him, and asked for judgment that appellee take nothing against him, on the ground that appellee's only right in said land as against him was a right of redemption, and that appellee had not offered to redeem. He sought no affirmative relief.

Appellee, in reply to said answer, set up the facts aforesaid, and admitted that appellant acquired the legal title to said land at said trustee's sale, but denied that said sale was a foreclosure of appellant's lien for purchase money, and claimed that it was merely a foreclosure of an ordinary mortgage lien, which, by reason of delay in filing for record, was inferior to its lien, and further claimed that appellant, by electing to sell under such mortgage lien, waived his vendor's lien and held title to said tract of land subject to the lien created by its deed of trust.

The case was tried before the court and judgment rendered awarding appellee Litwood Oil & Supply Company a recovery against defendants Harris, Harris, and Andrews for the sum of $961.40 and a foreclosure of its lien against all the other parties to the suit. Said judgment directs that the proceeds of the sale of said property shall be applied first to the satisfaction of appellee's judgment, and that any remainder thereof after satisfying such judgment shall be paid to said Byers.

## Opinion.

The agreed statement of facts shows that the sale of said tract of land under appellant's deed of trust was regular. Appellant asserts and appellee admits the validity of said sale. The principal issue involved in this case is whether the title acquired by appellant by purchase at said sale, because of appellee's lack of either actual or constructive notice of the existence of said deed of trust at the time it acquired its lien and its lack of notice or knowledge of the sale thereunder until after it was made, is inferior and subject to appellee's mortgage, as contended by appellee, or whether such title, by reason of such lack of notice, is merely subject to a right of redemption by appellee, as contended by appellant. Appellant admits that notwithstanding appellant's deed to the Harrises and Andrews, which described said $1,300 note and retained an express lien to secure the same, was not on record at the time it took its mortgage; that it is charged with notice of said debt and of said lien so retained to secure the same.

[1-3] The general rule in this state, as well as elsewhere, seems to be that a lien created by deed of trust is impressed with the character of the debt which it is given to secure. If it is given to secure purchase money, it has the status of a purchase-money lien. Ufford v. Wells, 52 Tex. 612, 620; Glaze v. Watson, 55 Tex. 563, 568, 570; Hensel v. Building & Loan Ass'n, 85 Tex. 215, 220, 20 S. W. 116; W. C. Belcher Land Mortgage Co. v. Taylor (Tex. Com. App.) 212 S. W. 647, 649; Wood v. Smith (Tex. Civ. App.) 165 S. W. 471, 473; Kangerga v. Willard (Tex. Civ. App.) 191 S. W. 195, 198; Lippencott v. York, 86 Tex. 276, 24 S. W. 275; Interstate Building & Loan Ass'n v. Goforth, 94 Tex. 259, 263, 264, 59 S. W. 871; Pioneer Savings & Loan Ass'n v. Paschall, 12 Tex. Civ. App. 613, 34 S. W. 1001, 1002; Texas Const. art. 16, § 50; 19 R. C. L. p. 416, § 196; 27 Cyc. p. 1060, par. 6. Appellant did not therefore waive his right as unpaid vendor to satisfaction of his debt out of the property by causing the trustee to sell under the power contained in said deed of trust and by purchasing at said sale. Irvin v. Garner, 50 Tex. 48, 56, and authorities above cited. Said sale was certainly effective to bar any rights which the Harrises and Andrews, appellant's immediate vendees, might have or assert in or to said property. As to them it was as effective as if foreclosure had been by judgment in a court of competent jurisdiction and appellant had purchased at sheriff's sale under such judgment.

[4] The sale by appellant to the Harrises and Andrews was executory. In case of an

(287 S.W.)

executory sale a judicial foreclosure by the vendor against his immediate vendee alone entitles the purchaser at sheriff's sale thereunder to possession of the property so sold, not only against the defendant in such suit, but against all those holding such property or claiming any right therein under him. Foster v. Powers, 64 Tex. 247, 249, 250; Wier v. Yates (Tex. Civ. App.) 237 S. W. 623, 626 (writ refused); Ufford v. Wells, 52 Tex. 612, 619, 620; Stone Land & Cattle Co. v. Boon, 73 Tex. 548, 555, 557, 11 S. W. 544; Teston v. Brannin (Tex. Civ. App.) 261 S. W. 788, 791. Subsequent purchasers or lienholders, if parties to such foreclosure suit, are bound by such judgment and divested of their rights in said land by the sale made thereunder, but, if not made parties to such foreclosure suit, they have the right to redeem the property from such sale by paying the purchase money remaining unpaid. Ufford v. Wells, supra; Foster v. Powers, supra; Wier v. Yates, supra.

[5, 6] The purchaser at a sale regularly made in the exercise of a power in a duly recorded mortgage takes the mortgagor's title divested of all incumbrances made subsequent to the execution delivery and record of such mortgage. Hampshire v. Greeves, 104 Tex. 620, 625, 627, 143 S. W. 147. If such sale is made at the instance of the vendor to satisfy a purchase-money debt growing out of an executory sale of the property, such purchaser also acquires whatever right such vendor had therein. Foster v. Powers, 64 Tex. 247, 250. In other words a sale under a power in a mortgage is, under such circumstances, as effective as a foreclosure by judgment in a suit to which all claimants were parties and in pursuance of which a sale has been regularly made. Where, however, as in this case, the subsequent purchasers or lienholders had neither actual nor constructive notice of the existence of the deed of trust conferring the power at the time they acquired their respective interests in the property, and had no actual notice of the same until after the sale thereunder, they are not in default in not offering to redeem before the sale nor barred from asserting their right to do so after such sale. Their situation is analogous to that of subsequent purchasers or lienholders not made parties to a suit to foreclose a vendor's lien arising out of an executory sale, and, like them, they are entitled to redeem by paying the remainder of purchase money still due. Whitehead v. Fisher, 64 Tex. 638, 643. Since every one dealing with the property was charged with notice of the purchase-money debt and the lien reserved in the deed to secure the same, notwithstanding said deed was not recorded, the mere failure of appellant to promptly record his deed of trust did not subordinate his lien to rights acquired by appellee or by Byers or

Ray with such imputed notice. Glaze v. Watson, supra; Boos v. Ewing, 17 Ohio, 500, 49 Am. Dec. 478; Boies v. Benham, 127 N. Y. 620, 28 N. E. 657, 14 L. R. A. 55, 57; 27 R. C. L. p. 579, § 322.

[7] The other issues raised by appellant are subsidiary to those above discussed and will not necessarily arise on another trial. Since the court overruled appellant's demurrers and held that appellee's lien was superior to appellant's rights in the property, and appellee may have been misled by such ruling, we will not render judgment but will remand the cause for another trial. Baker v. Shafter (Tex. Com. App.) 231 S. W. 349, 351; Camden Fire Ins. Co. v. Yarbrough (Tex. Com. App.) 215 S. W. 842, and authorities there cited.

The judgment of the trial court is reversed, and the cause remanded.