**FIRST NAT. BANK OF BENJAMIN v. DRIVER et al.**

**No. 730.**

Court of Civil Appeals of Texas. Eastland. Oct. 10, 1930.

Rehearing Denied Oct. 31, 1930.

warranting the approval of the claim and the chattel mortgage upon cattle given to secure same. The district court entered an order on October 15, 1929, approving the claim as prayed for, and classifying same in class 3. No contest of any character was made by the administrator, nor has he filed any brief in this court or in any other manner opposed the approval of the claim. After the order of the district court had been entered, but before the expiration of the term of court at which same was entered, Charles Moorhouse filed his petition in the district court in said cause, claiming to be a creditor of the estate of W. J. Driver, deceased, and praying that the order theretofore entered approving appellant's claim be set aside and vacated, and that said claim be not approved. This contest was filed on October 19, 1929. Three days later, October 22, 1929, the court entered its order granting the motion of the creditor and rendering judgment that its former order be set aside and vacated and that the case be re-opened for hearing on its merits. Thereafter, on November 12th, during the same term of court, appellant filed its reply to the petition of appellee Moorhouse, and a trial was had upon the issues joined, resulting in a judgment allowing the claim, except as to the 10 per cent. attorneys' fee provided in the note, which was waived by appellant. The judgment decreed the mortgage to be a superior lien upon the cattle described therein, and then contained the following provision:

"And that all cattle hereafter sold be applied to the payment of said claim, *unless needed to pay costs, commissions or other expenses of administration*, and that the same be classified in class three, and that a copy of this decree be certified by the clerk of this court to the Honorable County Court for its guidance and observance, and that all costs of this appeal be adjudged against said estate."

Appellant was satisfied with all of the decree, except the provision contained in the italicized clause above pertaining to the costs of administration, and has perfected this appeal for the purpose of having that provision stricken therefrom.

Appellant's brief is devoted largely to a discussion of the question of whether appellee Moorhouse, an alleged creditor of the estate, had such an interest in the estate as would authorize him to prosecute the contest. We see no necessity for our passing upon this question because, under the record as it comes to us, it is wholly immaterial. The facts are that the district court set aside its former order, in which the claim was allowed as prayed for, and at a later date entered the order appealed from, allowing the claim with the qualifying provision above

Wm. B. Combest, of Paducah, Jas. A. Stephens, of Benjamin, and Ratliff & Ratliff, of Haskell, for appellant.

D. J. Brookreson, of Benjamin, for appellees.

### HICKMAN, C. J.

Appellee Oran Driver is administrator of the estate of W. J. Driver, deceased. Appellant filed with the administrator its verified claim evidenced by a promissory note executed by the deceased. The claim was allowed. The county court, for reasons appearing in the record, not necessary to state in this opinion, refused to approve the claim, and appellant appealed to the district court. When the matter reached the district court, appellant filed its petition, alleging facts

pointed out. The court had the power to set aside its own order during the term at which it was entered and substitute another therefor. No appeal was, or could have been, prosecuted from the order of October 19th setting aside the prior order of October 15th. Even if appellee Moorhouse had not the right to petition the court to set aside its order, the fact remains that the court has done so, and no character of relief could be granted to appellant on the ground that Moorhouse had no standing in court. The only question before us is the correctness of the order appealed from. Appellee Moorhouse has filed a brief, but no cross-assignments of error are contained therein, and he therefore presents no question for our consideration. In fact, the record does not show that he is a creditor of the estate, or otherwise has any interest in this litigation. This case must be decided just as it would be were he not a party at all. Thus narrowed down, we have but one question presented by this appeal; namely, whether or not the trial court erred in including in the decree the provision "unless needed to pay costs, commissions or other expenses of administration."

■■ Article 3531, Rev. St. 1925, provides for the classification of claims. Class 1 covers funeral expenses and expenses of last sickness. Class 2 covers the expenses of administration and expenses incurred in the preservation, safe-keeping, and management of the estate. Class 3 covers claims secured by liens, in so far as same can be paid out of the proceeds of property subject to the lien. Classes 4 and 5 cover unsecured claims. The decree appealed from places appellant's claim in class 3. There is no evidence in the record on the question of court costs, except the testimony of the administrator that none of the costs of administration had been paid. No reason is suggested by the record for charging the property against which appellant has a lien with all court costs and expenses. There is no showing that the estate does not possess sufficient unincumbered property for this purpose. On the other hand, no showing is made that all the proceeds from the sale of these cattle should be paid to appellant, freed of all obligations to pay costs. We are not informed by the record of any other property belonging to the estate or of any other claim against it. It cannot therefore be determined what part, if any, of the costs should be charged to this particular property. To strike from the judgment the particular words complained of, leaving the other provisions thereof undisturbed, would have the effect of a direction to the county court to apply all proceeds of cattle sold toward the payment of appellant's claim, without charging any of the expenses of administration thereto. As noted above, the record does not warrant such a decree.

The real vice in the judgment lies in the action of the court in making any direction at all as to the distribution of the estate and the apportionment of the costs. The only question properly before the district court was the approval and classification of the claim, and any other provision of the judgment is surplusage. Appellant shows no right to have the particular words complained of stricken from the judgment, but it is entitled to have same construed by this court. It is our construction thereof that the words, "unless needed to pay costs, commissions or other expenses of administration," do not amount to an adjudication that all costs and expenses of administration are properly chargeable to this property, but that the decree should be construed just as if it contained this language, "unless needed to pay costs, commissions or other expenses of administration properly chargeable thereto." This, we must presume, is the effect which the district court intended to give to its decree. Otherwise there was determined a question not before that court and concerning which no evidence was offered; namely, the apportionment of costs in the distribution of an estate being administered in the county court. The county judge will be able to determine the question of costs and expenses under the facts when they are presented to him.

The judgment of the trial court will be affirmed.