**BROOKS et al. v. SAN ANTONIO JOINT STOCK LAND BANK.**

No. 3856.

Court of Civil Appeals of Texas. Beaumont.

July 3, 1941.

Rehearing Denied Oct. 8, 1941.

E. R. Campbell, Robert Beman, Jr., Emory T. Carl, and Albert J. DeLange, all of Houston, for appellants.

Wm. F. Koch, Kelso, Locke & King, and Seeligson, Cox & Patterson, all of San An-

tonio, and David Weintraub, of Houston, for appellee.

COMBS, Justice.

This case originated in probate court in the administration of the estate of R. E. Brooks, deceased. A complete statement of the case is necessarily long and involved. To conserve space in the printed opinion, we shall here make only a condensed summary of such facts as we deem necessary to an understanding of our holdings, and will file a more extended statement as an appendix that it may be used on application for writ of error, but not to be published.

Appellee, which we will refer to as the Bank, held a lien against 308 acres of land belonging to the estate of R. E. Brooks, dec'd., to secure the payment of an indebtedness aggregating something over $20,000 which indebtedness was evidenced by notes. These notes did not fix any personal indebtedness against Brooks during his lifetime nor against his estate, but were a charge against the land only.

Judge Brooks died in 1929, and his estate was first administered by his widow as independent executrix under his will, but in 1931, it having become evident that the estate was insolvent, she resigned and an administrator with will annexed was appointed by the probate court of Harris County. The estate has been under administration ever since, several administrators have served from time to time.

In 1932 the Bank's claim was allowed by the administrator as hereinafter stated, and on December 19, 1939, the probate court entered an order of sale, on application of the bank, directing sale of the 308 acres of land. The sale was duly made September 6, 1940, and the land was bid in by the Bank for $15,000, with the assumption of all delinquent and current taxes, which it is agreed was its fair value. When the report of sale came on for confirmation the Bank sought to have its bid of $15,000 applied to its debt against the land, claiming that it held a vendor's lien and superior title to the land, securing its debt. Appellants resisted this claim, contending that the Bank's lien was a mere deed of trust lien; that the Bank's claim having been previously allowed as a third class claim, appellants, as holders of second class claims aggregating $85,000, were entitled to have the purchase price paid into court and applied to the payment of unpaid first and second class claims. The judgment of the probate court denied appellants' contention and ordered the amount applied to the Bank's debt, but required the Bank to pay $1,500 as its pro rata part of the cost of administration. On appeal the District Court entered a similar judgment in favor of the Bank, but without requiring it to pay any part of the costs of administration. In that connection the court found that numerous other similar sales had been held without such requirement, that the Bank's share of such costs would in any case be small, and that it would be inequitable to require it to pay any part of such costs. This appeal is from that judgment.

We think the judgment should be affirmed.

The trial court found that the Bank's debt was "secured by a first, paramount and superior vendor's lien upon the real estate" in question. No statement of facts was brought up but the stipulations of the parties detailing the various transactions whereby the Bank acquired its notes and lien amply support the finding. These transactions, which are rather long and involved and extend over many years, are set out in the appendix filed herewith. They show that the indebtedness held by the Bank represented purchase price of the land which had never been paid, and that by various assignments the vendor's lien and deed of trust lien securing the same and the superior title to the land vested in the Bank. New England Land & Trust Co. v. Willis, 19 Tex.Civ.App. 128, 47 S.W. 389; Wier v. Yates, Tex.Civ.App., 237 S.W. 623; 43 Tex.Jur. 277. And it was immaterial that the vendor's lien held by the Bank was created by the assumption of a pre-existing debt by Brooks and not by his original promise. 43 Tex.Jur. 311; Etter v. Tuck, Tex.Civ.App., 101 S.W.2d 843; Jackson v. Ivory, Tex.Civ.App., 30 S.W. 716. In taking title to the land, Brooks took it subject to the Bank's lien but did not assume payment of the indebtedness. No payment of principal or interest has been made since prior to 1931. The Bank's debt amounts to $20,397.58, exclusive of attorney's fee.

It has long been the law in Texas that real property owned by a decedent's estate upon which a lien rested securing purchase money is not subject to any other claim against the estate, until the claim for purchase money is first satisfied; a vendor's lien against a decedent's estate is

superior to first and second class liens. Greer v. Riley's Estate, 92 Tex. 699, 53 S.W. 578; Robertson's Adm'x v. Paul, 16 Tex. 472; 14 Tex.Jur. 161. And since the court correctly construed the Bank's claim as a vendor's lien it was properly held that it could not be postponed and made subject to the second class claim held by appellants.

By amendment of the statute passed in 1931, and now Art. 3515a, Vernon's Ann. Civ.St., a mortgagee is allowed an option to fix his claim as a preferred debt against specific property, thereby excluding him from general participation in the assets, or to have it classified and paid in due course of administration. Appellants therefore contended that since the Bank filed its claim in 1932, and it was classified as a third class claim, same could only be paid in due course of administration.

█ The statute does not change the law announced in the authorities cited above. It gives a mortgagee an election where the decedent owed the debt. It did not take away the right of a mortgagee who merely holds a lien on land held by the decedent subject to the lien and with no personal claim against the estate, to have the land sold for the payment of his debt. In filing its claim in this case, the Bank did not waive its lien. It asserted no personal claim against the estate but sought only to have the land covered by its lien subjected to the payment of its debt. Its claim as filed clearly showed this and the trial court found that it "did not waive its vendor's lien or superior title" by filing the claim. It was necessary that the claim be filed, the rule being that a claim based on a purchase money lien on property not subject to the payment of other debts of the estate until after payment of the purchase money must nevertheless be presented for allowance and approval as in the case of other mortgages. 14 Tex. Jur. 43; Whitmire v. May, 96 Tex. 317, 72 S.W. 375; Gregory v. Ward, 118 Tex. 526, 18 S.W.2d 1049.

The appellants contend in this connection, however, that since the probate court in allowing the claim approved it as a third class claim, and such judgment being a final judgment binding the Bank to accept payment as a third class claimant in due course of administration, the district court was without power to enlarge said judgment by allowing it to apply to its debt the proceeds of the sale of the land.

█ It is true the judgment of the probate court was a final one binding on all parties and the district court could not extend that order for the benefit of the Bank. But the judgment of the district court did not enlarge the judgment of the probate court. Brooks during his lifetime was not personally bound to pay the Bank's debt, and of course his estate was not so bound. In filing its claim the Bank asserted only its lien and superior title against the land. The administrator could allow the claim only as a claim against the land. The probate court could only approve it as a claim against the land. And when the whole record is looked to it is clear, we think, that the probate court did just that.

█ The court did not err in holding that appellee was not bound to pay to the administrator the $15,000 as a condition to its right to receive the conveyance from the administrator. On this issue the court found the following facts:

"The San Antonio Joint Stock Land Bank bought said land at a public sale * * * bidding at said sale the sum of $15,000.00 cash to be applied on the claim of said Land Bank, the additional consideration of the assumption by said Bank of all delinquent and current advalorem taxes against said land and the release and discharge by the Bank of the Estate of R. E. Brooks from any further claim as allowed and approved by the Court."

In support of the court's conclusion that appellee was not required to pay to the administrator the amount of its bid for the land, we announce the following proposition of law: Where a secured claimant purchases the land against which he holds a lien on a cash bid, it is not necessary to pay the bid in cash to the administrator, but such bid should be applied as a credit on the claim in the same manner as is prescribed in usual foreclosure sales. The following authorities support this conclusion. 14 Tex.Jur. 216, 526; Huddleston v. Kempner, Tex.Civ.App., 28 S.W. 236, writ denied in 87 Tex. 372, 28 S.W. 936; Jackson v. Berliner, Tex.Civ.App., 127 S.W. 1160; Claridge v. Lavenburg, 7 Tex.Civ. App. 155, 26 S.W. 324; Wolfe v. Lewisburg Trust & Safe Deposit Co., 305 Pa. 583, 158 A. 567, 81 A.L.R. 665.

█ The trial court did not err in relieving the Bank of payment of the $1,-

500 ordered by the county court to be paid to the administrator as its share of the costs of administration. The findings of the trial court clearly show that a number of similar sales of property had been made and the proceeds paid to the lien holders without requiring any contribution to costs of administration. The findings of the trial court amply support the holding that it would now be unfair and inequitable to require the Bank to share such expenses. First National Bank of Benjamin v. Driver, Tex.Civ.App., 31 S.W.2d 860; Greer v. Riley's Estate, 92 Tex. 699, 53 S.W. 578; 14 Tex.Jur. 527.

The judgment of the trial court is affirmed.