## 𝔑𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### CANADA v. BARKSDALE.

December 15, 1881.

1. PARTNERSHIP—*Case here.*—C and B agree in writing to pay equally for a tract of land, sell it, and divide the proceeds between them. Such agreement makes them partners in the speculation.

2. IDEM—*Settlement—Case at bar.*—On the cash payment C and B pay unequally, but from sales of part of the land and of the timber C received $54 more than enough to pay the balance and refund what he had paid, leaving unsold 426 acres of the land which cost $1,772.16. B has not been refunded what he paid, and is entitled also to his moiety of the net profits. He files his bill for settlement.

HELD:

> The proper course is to direct sale of the partnership effects, and apply the proceeds to the payment of the amount to which B is entitled, and to enter a personal decree against C for one-half of such balance as may remain due B, or else to divide those effects equally between B and C, and enter a personal decree against the latter for one-half of the amount due B.

Appeal of Beverly Canada to decree of circuit court of Halifax county rendered 7th October, 1878, in suit of William R. Barksdale against him. In 1871, Canada bought of Vance Brown a tract of 820 acres of land near Scottsburg in that county, for $3,500, whereof $2,000 was payable cash, and balance 10th January, 1872. Canada paid $1,400 of the cash payment, and Barksdale in writing agreed to pay Brown $600 and $400 to Canada; then they were to own the land jointly—Canada to sell it; and, if sold, the net profits to be divided between them. If not sold before the deferred payment became due, Barksdale was to pay half of it. Barksdale paid $595 to Brown, but did not pay Can-

ada the $400, but only $22 thereof at a later day. Before the deferred payment became due, Canada sold 410 acres of the land to George Gibson for $3,000. One-half was paid in an interest in a store at Scottsburg, from which Canada realized $1,052.75, including $92.75 paid him. Gibson being unable to pay more, Canada had to take back 200 acres for the balance of the purchase money. When the deferred payment fell due, he had got no money from the land sale. He paid $840 as his part, and told the bondholder to apply to Barksdale for his half, but he declined to pay it. Then the trustee in the deed given to secure the deferred payment, advertised the whole land for sale. At the sale Canada bought the 432 acres (turned out to be only 426) left after deducting Gibson's 410 acres; but it brought less, by $200, than Bardsdale's half of the deferred payment.

In 1875, Canada sold the 200 acres taken back from Gibson, to one Gresham for $1,534. All this time Canada acted under the impression that the land was the joint property of Barksdale and himself. A controversy having arisen between him and Barksdale as to how to settle their affairs, he agreed in writing to submit them to Major J. W. Riely for settlement.

In December, 1876, Riely made his award, whereby of the 426 acres in possession of Canada, Barksdale was to receive 262.675 acres in full of all claims. In February, 1877, the parties recast the settlement, and Canada conveyed to Barksdale 269.14 acres in full of his claim. On returning home Canada found an error had been committed, and wrote to Barksdale on the subject. In his answer, dated 14th February, 1877, Barksdale said:

"If you are unwilling to abide by the settlement made between us last Tuesday, please give me back the papers, contract, &c., handed you then, and I will give you the deed, and we will be where we were at first."

Canada considered this as relieving him of his obligation to submit to the settlement, and concluded to place the papers in a third person's hands until settlement. But in September, 1877, Barksdale filed his bill in said circuit court against Canada, praying that Riely's award be enforced. Canada answered, setting out the foregoing facts. The court ordered an account and an inquiry whether the award had been released or rescinded. The master reported that Barksdale was entitled to $312\frac{1}{2}$ acres of land, but that the award was unaffected by Barksdale's letter. Canada excepted to the report. In October, 1878, the court, disregarding the report as well as the award, and basing its action upon the recital that Barksdale waived his claim to the amount ascertained by the master, and was willing to accept the money actually advanced by him, decreed that Canada should pay Barksdale $617, with interest on $595 from 10th March, 1871, and on $22 from 24th July, 1871, with costs, and that, unless same was paid in sixty days, commissioners should sell the 426 acres in controversy, or so much thereof as might be necessary to satisfy the decree.

From this decree Canada appealed.

*W. W. Henry,* for the appellant.

*John Lyon* and *E. Barksdale, Jr.,* for the appellee.

CHRISTIAN, J., delivered the opinion of the court.

The court is of opinion that, upon the proofs and pleadings in this cause, it clearly appears that Canada and Barksdale were partners in the purchase of real estate, and that the land in the bill and proceedings mentioned, purchased by them of A. Vance Brown, was bought on speculation, and was held by them as partners, as speculators in real

estate, and that they each held an interest in said land, according to the amounts which each had advanced respectively.

The court is further of opinion that the 426 acres purchased of Williams, trustee, was not purchased as the sole property of Canada, but was the partnership property of Canada and Barksdale.

The court is further of opinion that the circuit court erred in giving a personal decree against Canada in favor of Barksdale, without first directing a sale of the partnership property, to-wit: the 426 acres of land held by Canada and Barksdale jointly as partners.

The effect of this decree operated as manifest injustice to Canada. It not only gave a personal decree for money against him, but by said decree gave to Barksdale a lien for the amount decreed on the land, thus enabling Barksdale to purchase the land, if sold, as it would be, in satisfaction of said lien, at a sacrifice, and, in all probability, to get the whole land for his debt, and leave Canada still indebted to him for the balance.

The court is of opinion that the said circuit court, instead of entering a personal decree against Canada for the amount as ascertained by the decree of the circuit court to be due from Canada to the partnership, ought to have first directed a sale of the partnership property—the 426 acres of land in the bill and proceedings mentioned—and apply the proceeds first to the payment of Barksdale's debt; and if the proceeds of such sale were not sufficient to pay the debt, principal and interest, due Barksdale, then for any deficiency, after such appropriation of the proceeds, a personal decree should be rendered against Canada for one-half of such balance as may still be due from the partnership to Barksdale.

It is therefore decreed and ordered that the decree of the said circuit court of Halifax county be reversed and an-

nulled, and that the appellant recover of the appellee his costs by him expended in the prosecution of his appeal and writ of supersedeas here.

And the cause is remanded to the said circuit court of Halifax county for further proceedings to be had therein. in accordance with the foregoing opinion and decree.

All of which is ordered to be certified to the said circuit court of Halifax county.

DECREE REVERSED.