## R. B. Spencer v. M. G. Jones.

### No. 760.   Decided March 13, 1899.

**1.   Partnership—Single Transaction.**

A partnership can exist in a single transaction of purchasing land with a view of selling it for profit.   (P. 518.)

**2.   Same—Division of Assets—Dissolution.**

Partners in a single transaction of purchase of land and sale for profit having divided between them the notes given by their vendees therefor, such division, whether it affected a dissolution of the partnership or not, converted the notes assigned to each party into his individual property.   (P. 518.)

**3.   Same—Representations by Partner.**

Representations made by one of the partners, in transferring a note assigned to him in a division of partnership property and thereby becoming his individual property, did not bind his copartner, though such transfer was made with the intention of applying the proceeds of the note to the payment of a partnership liability which the party making the transfer had assumed. (P. 519.)

**4.   Liens—Foreclosure—Rights of Junior Incumbrancer Not Made a Party.**

The holder of the junior lien on land who was not made a party to the foreclosure of a prior lien upon a larger tract of land of which it formed a part can not enforce his lien against the purchaser at such foreclosure sale without compensating the latter to the extent that he has discharged the prior lien on the tract subject to the junior one.   (P. 519.)

**5.   Same—Apparent Title—Deed—Notice.**

One who bought notes and a lien given for the purchase money of land from a vendor who held the apparent legal title was not affected by agreement of such vendor of which he had no knowledge, made with one who was his undisclosed partner in the ownership of the land; but he acquired his lien subject to any rights of such secret partner which appeared in the chain of title whether recorded or not; e. g., the right of such partner as purchaser under foreclosure of a prior vendor's lien reserved in a deed made by a previous vendor under whom both claim.   (Pp. 519, 520.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Erath County.

Jones sued Chapman, Spencer, et al. and obtained judgment foreclosing a vendor's lien, from which Spencer appealed, and, on affirmance of the judgment, obtained a writ of error.

*Frank & Young, O. S. Lattimore,* and *Greene, Stewart & Edrington,* for plaintiff in error.

*Martin & George,* for appellee.

BROWN, Associate Justice.—Jones sued A. A. Chapman and R. B. Spencer, G. W. Simpson, and William C. Vowell to recover of Simpson as maker and Chapman as indorser the amount of three negotiable promissory notes, executed August 2, 1892, by Simpson, payable to Chapman, for a tract of 105 acres of land, a part of the G. Rockfeller survey, in Erath County, which was conveyed by Chapman to Simpson by deed of even date with the notes, a vendor's lien being retained in the face of the deed. It was sought to subordinate to the lien of the notes sued on a prior lien claimed by R. B. Spencer upon that and other lands in the Rockfeller survey, which latter lien arose out of a sale and conveyance made April 21, 1890, from Z. Bartlett to A. A. Chapman, for 420 acres of the said survey, which included the 105 acres sought to be subjected to the lien in this suit. Vowell was the vendee of Simpson and made party in order to foreclose the lien as to him. We copy the statement of facts as found by the Court of Civil Appeals, which is as follows:

"The conveyance from Bartlett to Chapman was made in pursuance of an agreement between Chapman and Spencer that the title should be taken in the name of Chapman for their joint benefit, it being the agreement that they would divide equally the profits of the venture. Besides a cash payment, five notes of $420 each were executed, secured by a lien on the land. While these notes were outstanding, Chapman conveyed the land in four several tracts of 105 acres each to the following persons repectively: Simpson (G. W.), Hayden, Clardy, and Petty, taking their several notes for the deferred payments in his own name, with liens reserved on the land, that conveyed to Simpson being the tract involved in this suit.

"Thereafter, and before the Simpson, Hayden, Clardy, and Petty notes had been collected, in the latter part of the year 1892, the evidence tended to show that Chapman and Spencer had a settlement in which the notes of Simpson and Hayden were allotted to Chapman, and those of Clardy and Petty to Spencer, with the further agreement that Chapman should pay out of the notes allotted to him those held by Bartlett. In the spring following, Chapman sold and assigned, for a valuable consideration, the Simpson and Hayden notes to Jones, falsely representing at the time, and thereby deceiving Jones, that the Bartlett notes had been paid off and that lien extinguished. The evidence tended further to show that, in the transaction between Chapman and Jones, Chapman promised Jones to redeem these notes in the fall of that year if Jones should desire him to do so. After Jones acquired these notes, Spencer who still held the other notes (Chapman having become insolvent), paid off the Bartlett debt and took an assignment thereof to himself, under

which, pending this suit, he became the purchaser at execution sale of the 420 acres under a judgment foreclosing the Bartlett lien."

Upon the motion for rehearing the Court of Civil Appeals added the following to its finding of fact:

"It is further insisted that we were in error in the conclusion that the evidence did not tend to show a loan by Jones to Chapman, but only a sale from Chapman to Jones. We have concluded to modify this finding, and now hold that the testimony of Jones was such as to raise that issue, but need not decide whether the evidence would have warranted a finding that merely a loan and not a sale was made."

The plaintiff in error claims that there is no evidence to support the finding of the Court of Civil Appeals that there was a partnership formed between Spencer and Chapman in the purchase of the land from Bartlett and its sale for profit. This contention is based upon the following propositions: (1) That there is no evidence to prove the contract of partnership between Spencer and Chapman; (2) that the contract, when proved, does not establish a partnership.

We are of opinion that there is evidence sufficient to support the finding of the Court of Civil Appeals, and that this court can not say as a matter of law that the evidence produced does not show that Chapman and Spencer intended to form a partnership in the transaction in question.

Upon the second point, the plaintiff in error cites the case of Clark v. Sidway, 142 United States, 682. It is claimed that the case cited holds that no partnership can exist in a single transaction of purchasing land with a view of selling it for profit. In the case cited, the court does not hold that a partnership may not exist in one transaction, but simply holds that in that one transaction there was no partnership. The authorities are abundant to the effect that a partnership may, according to the intention of the parties, be formed for the purpose of one transaction alone in real estate; that is, the buying of one tract or more of land at the same time and selling them for profit. Yeoman v. Lasley, 40 Ohio St., 190; Hulett v. Fairbanks, 40 Ohio St., 233; Winstanley v. Glerye, 146 Ill., 27; Canada v. Barksdale, 76 Va., 899; Richards v. Grinnell, 63 Iowa, 44; Chester v. Dickerson, 54 N. Y., 1; Simpson v. Tenney, 41 Kan., 561; Holmes v. McCray, 51 Ind., 358; Hunter v. Whitehead, 42 Mo., 524; Pennybacker v. Leary, 65 Iowa, 220. As a matter of law, such partnerships may be formed, but whether they exist is a question of fact to be determined from the evidence. In the further examination of the question, Spencer will be regarded as a partner with Chapman in the buying and selling of the land from Z. Bartlett.

Granting that the division of the notes which Chapman's vendee gave for the purchase money of the land did not work a dissolution of the partnership between Chapman and Spencer, nevertheless the division had the effect to separate the notes from the partnership effects, if any remained, and to convert the notes which were assigned to each party into his individual property. Kendall v. Hackworth, 66 Texas, 499;

Swearingen v. Bassett, 65 Texas, 267. When Chapman indorsed the notes of Jones, they were the individual property of the former, and any representations by him to Jones were made on his own responsibility and not as the partner of Spencer, for if the partnership still remained, the transaction between Chapman and Jones was one in which the partnership was not interested. It matters not that Chapman may have intended to apply the money received in the sale of his individual property to the payment of the partnership debt. This would not change his relation to Spencer in the sale and transfer of the notes, nor would it give to Jones any right or claim whatever against Spencer, either upon the indorsement of the notes or on account of the fraudulent representations which Chapman may have made to induce Jones to buy them.

The facts of this case did not warrant the court in rendering judgment subjecting the land to the lien of Jones' notes, which was subordinate to that under which Spencer bought, without taking into consideration Spencer's rights as the owner of other lands subject alike to the superior lien of the original purchase money notes. The effect of the judgment is to give to Jones, the indorsee of Chapman, as against Spencer, a greater right than Chapman himself was entitled to upon the face of his claim of title. For these errors, the judgments of the District Court and Court of Civil Appeals must be reversed.

Whether Spencer, the dormant partner in the real estate partnership, was liable to Bartlett on the purchase money note given by Chapman in the purchase of the tract of land is not involved in this case and is not decided, but that question is expressly left open for future consideration.

In view of another trial we think it proper for us to say that, under the findings of the Court of Civil Appeals, the relation of partners existed between Chapman and Spencer at the time the notes held by Chapman for the purchase money of the land sold by him were divided, and as such partners they had the right to adjust their several interests, as they did by partition of the property and the assumption by Chapman of the Bartlett debt. If Jones knew at the time that he purchased the notes from Chapman that the latter had agreed with Spencer to pay the purchase money notes due to Bartlett, then Jones would hold the notes subject to the original lien. If, however, Jones had no such notice, he would not be affected by the secret agreement, but would take the interest of Chapman subject only to such rights of Spencer as appeared from the chain of title under which Chapman held the land.

It will greatly simplify the matter to discard all of the questions which arise out of facts that transpired antecedent to the partition of the property and to treat the case as if the land itself had been divided between Chapman and Spencer instead of the purchase money notes. Assuming that Jones had no actual notice of the agreement between Chapman and Spencer, and that Jones bought Chapman's portion of the land, he would be charged with notice of the recital of the notes for the purchase money and reservation of the lien contained in the deed from Bartlett to Chap-

man, whether the deed was recorded or not, because that deed would be one of the links in his chain of title. Upon this state of facts, Jones and Spencer would hold their several tracts of land subject to the vendor's lien in favor of Bartlett.

Neither Jones nor Spencer was a party to the suit of Bartlett v. Chapman, in which the original vendor's lien was foreclosed, and neither of them was concluded by that judgment as to his rights in the land. When Spencer bought the land under the judgment of Bartlett v. Chapman, he took the title to it subject to the right of Jones to pay his part of the debt and discharge the land that he claimed under Chapman. Ufford v. Wells, 52 Texas, 612; Foster v. Powers, 64 Texas, 247; Railway v. Whitaker, 68 Texas, 634. If, under such state of facts, Jones were out of possession and suing Spencer for possession of the land, he could not recover without paying the latter that part of the original purchase money with which the land stood charged. Neither can Jones in this proceeding subject the land to his debt as a lien superior to the rights of Spencer, but in the adjustment of their rights the court must give Spencer protection to the extent that he has discharged the prior vendor's lien upon this tract of land. The judgments of the District Court and the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*