**WASSON et al. v. HARTT.**

No. 14396.

Court of Civil Appeals of Texas. Dallas.

Oct. 5, 1951.

Rehearing Denied Nov. 16, 1951.

Thomas & Thomas, Big Spring, and Turner, Rodgers, Winn, Scurlock & Terry, of Dallas, for appellants.

Wm. Andress, Jr., and George Sergeant, both of Dallas, for appellee.

CRAMER, Justice.

This is a suit filed by Grover Hartt against A. L. Wasson and E. D. Spears, individually and as copartners trading as the Wasson Oil Company, and the Baptist General Convention of Texas for a real estate commission claimed by Hartt on a sale of certain real estate in Mitchell

and Scurry Counties by the Baptist General Convention of Texas to Creslenn Oil Company.

· On October 13, 1947 Wasson and Spears, trading as Wasson Oil Company, owned certain producing oil lands in Mitchell and Scurry Counties and on said date listed said properties for sale with Roy Dawson of Abilene, Texas (who had no real estate dealer's license), the written listing being in words and figures as follows:

"October 13, 1947. Mr. Roy Dawson, Abilene, Texas. Dear Mr. Dawson: This is to confirm my statement to you a few days ago. I will take $300,000.00 cash, and pay a $5000.00 commission out of this amount, and further, if you can sell it for $350,000.00, I will split the $50,000.00 with you and your associates. This split of $25,000.00 with the $5000.00 previously spoken of would make a total of $30,000.00 coming to you and your associates.

"Now from this day I will give you an exclusive option, till midnight, October 27, 1947. Very truly yours, A. L. Wasson."

Appellee Hartt (who had a real estate dealer's license) was contacted by Dawson and he (Hartt) endeavored to sell the property to Creslenn Oil Company, which company was not in the market at that time for such property, because of the low price of oil and the limited amount of production from the land involved, considering the price asked. This was the situation on October 27, 1947 when the listing by its own terms expired.

On the 26th day of November, 1947 Wasson and Spears and the Wasson Oil Company conveyed the land in question to Baptist General Convention of Texas, Wasson making a gift of his equity in one-half of said properties, subject to a recited debt thereon, and the Baptist General Convention of Texas purchased the other half interest (subject to a lien thereon) from Spears.

Thereafter the price of oil advanced, which, together with other changes, caused Creslenn Oil Company to become interested and thereafter, on January 5, 1948, it purchased the property from the Baptist General Convention of Texas, paying therefor $335,000. On February 24, 1948 the Baptist General Convention of Texas compromised Dawson's claim under the purported listing above set out, upon Dawson's executing a release in words and figures as follows:

"The State of Texas ⎱
County of Taylor ⎰

"Know all Men by these Presents: That I, Roy Dawson, for and in consideration of the sum of Five Thousand and no/100 ($5,000.00) Dollars, to me cash in hand paid, by the Baptist General Convention of Texas, a corporation, have and by these presents do agree that said amount so received shall be and is in full, final and complete settlement of all claims of every kind and character owned or asserted by me, or anyone under me, against A. L. Wasson, of Big Spring, Texas, the Wasson Oil Company, a co-partnership composed of A. L. Wasson and E. D. Spears, and the Baptist General Convention of Texas, rising out of or in any manner connected with the sale by the Baptist General Convention of Texas of certain oil and mineral interests in Surveys 99 and 100, in Scurry County, Texas, and Survey 82, in Mitchell County, Texas, all in Block 97, H&TC Railroad Company Survey, in said Counties, and for the same consideration, I do declare that I will never hereafter at anytime assert any right, title, or claim or interest of any kind or character against said parties, or any of them, for any compensation for services, commissions, or otherwise, arising out of or in any manner connected with said sale.

In Witness Whereof, I hereunto subscribe my name this the 24th day of February, 1948. /s/ Roy Dawson."

Thereafter this suit was filed by Hartt alone against Wasson, Spears, and Wasson Oil Company (Dawson not being made a party to such suit), claiming an agreement with Dawson under which Dawson was to receive $5,000.00 of the commission and that he, Hartt, was to receive $17,500, or the overage of one-half of the amount over $300,000 the property was sold for.

On trial, all requested issues being refused, the court submitted only one issue to the jury as follows:

"Do you find from a preponderance of the evidence that the plaintiff, Grover Hartt, was the procuring cause, as that term is herein defined of the sale of the property involved herein?" To which issue the jury answered "Yes."

After overruling appellants' motion for judgment n. o. v., the trial court rendered judgment for appellee for $17,500 with interest, costs, etc., against Wasson, Spears, and Wasson Oil Company, and a take nothing judgment against the Baptist General Convention of Texas.

Wasson, Spears, and the Wasson Oil Company have perfected this appeal, and brief 24 assignments of error. We will consider points 21 to 24, inclusive, first.

Point 21 asserts that the release above quoted was a complete and final release of the claim here asserted, and bound both Dawson and Hartt, Hartt's claim, if any, being under Dawson.

Point 22 asserts that the contract of listing expired October 27, 1947, and was not renewed or extended in writing or in any other manner and therefore there was no contract to pay a commission in existence or in force at the time he claims to have made the sale to Creslenn Oil Company.

Point 23 asserts that Wasson did not sell and Hartt did not procure for him a purchaser of the land in question, since he procured the purchaser, if in fact he did procure the purchaser, for the Baptist General Convention of Texas, and Hartt did not claim any listing from the Baptist General Convention of Texas.

The Baptist General Convention of Texas plead it did not list the property with Dawson or Hartt in writing.

Wasson et al. excepted to the pleading of Hartt for a failure to plead a proper listing in writing in compliance with the statute of frauds.

The evidence was undisputed that Hartt was not known in the transaction to either Wasson or the Baptist General Convention of Texas until after the sale of the lands by Wasson et al. to the Baptist General Convention of Texas.

It is undisputed that a controversy between Dawson, an unlicensed real estate man, and the Baptist General Convention of Texas about a commission, was settled by compromise between Dawson and the Baptist General Convention of Texas, then owner and seller of the property involved, and that the release covered Dawson and those claiming under him.

It is undisputed that Hartt claimed under Dawson and had no independent written listing or claim of his own.

The contract of listing by its own terms expired October 27, 1947 and it is undisputed that on such date negotiations by Dawson and Hartt with Creslenn Oil Company had not resulted in a sale, but shows that Creslenn was not at that time in the market because of the amount of production on such properties and the then price of oil, and it was not until after October 27, 1947 that the price of oil advanced and other conditions changed and the Creslenn Oil Company became interested in buying the property.

Under the above uncontroverted facts, we hold that (1) the written release of February 24, 1948 was binding on Hartt since his and Dawson's association, if it had been legal, would have been as partners or joint adventurers. Spencer v. Jones, 92 Tex. 516, 50 S.W. 118, 44 L.R.A. 716; Federal Underwriters Exchange v. Coker, Tex.Civ.App., 116 S.W.2d 922; Rush v. First State Bank, Tex.Civ.App., 160 S.W. 319, Id., Tex.Com.App., 210 S.W. 521; Note, 4 Texas Law Review 261.

(2) No recovery can be had by Hartt against Wasson et al., since recovery is barred under the provisions of Art. 6573 a, subs. 13, 20, 21 and 22, V.T.C.S.; Stroble v. Tearl, 148 Tex. 146, 221 S.W.2d 556; Landis v. W. H. Fuqua, Inc., Tex. Civ.App., 159 S.W.2d 228; Gregory v. Roedenbeck, 141 Tex. 543, 174 S.W.2d 585; Francis v. Thomas, 129 Tex. 579, 106 S. W.2d 257.

(3) If Hartt did procure a purchaser for the properties, the purchaser

was the Baptist General Convention of Texas, and neither Hartt nor Dawson had a written listing from the Baptist General Convention of Texas as required by the statute of frauds. Art. 6573a, sec. 22; Goen v. Hamilton, Tex.Civ.App., 159 S. W.2d 231.

(4) Hartt's and Dawson's oral agreement to divide the commission was illegal and void under Art. 6573a, subds. 20, 21(a) and 22, V.T.C.S., Dawson not having complied with the Real Estate Dealers license Act, and Hartt claiming his commission under Dawson, an unlicensed dealer.

Such holdings bar a recovery by Hartt and therefore make it unnecessary for us to further consider or pass upon other assignments raising only questions which would cause a reversal and remand of the cause for a new trial—if sustained.

The judgment below is therefore reversed and judgment is here rendered for appellants that appellee (plaintiff below) take nothing by this suit.

Reversed and rendered.