Dan L. BAKER, Appellant,

v.

Vernon George SMITH et al., Appellees.

No. 16756.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 23, 1966.

Rehearing Denied Oct. 21, 1966.

Rodgers & Stephens and T. J. Rodgers, Graham, for appellant.

James M. Spiller, Jacksboro, Sewell & Forbis and James E. Forbis, Decatur, for appellees.

OPINION

MASSEY, Chief Justice.

The major question determinative of the correct disposition of this case is whether plaintiffs are to be foreclosed, under the doctrine of *res judicata*, from claiming title to real estate as the result of cer-

tain action in a former suit upon their motion for judgment *nunc pro tunc*—made for the purpose of amending and correcting a judgment previously entered. In the prior case the defendant (in the instant case) was co-plaintiff with those who are present plaintiffs.

Smith v. Baker, 380 S.W.2d 725 (Waco Civ.App., 1964, writ. ref., n. r. e. at 383 S.W. 2d 570), dealt with the instant proceeding, but perforce defendant's motion for summary judgment. Defendant Dan L. Baker obtained a summary judgment. Plaintiffs Vernon George Smith et al. appealed. Judgment of the Court of Civil Appeals reversed, and, holding that summary judgment was not proper, remanded the cause for trial on the merits. Reference is made to the Waco court's opinion for explanation concerning that antecedent case wherein all parties were co-plaintiffs in a suit to quiet title to that same interest in real estate over which they are presently contending. The essential holdings of the Waco court were (1) that co-parties inter se as between themselves are not bound by a judgment rendered in a cause in which they were co-parties, and (2) that said judgment—which purported to vest in grantor (defendant herein) title to lands which his own pleadings alleged had been conveyed to grantees (plaintiffs herein)—was not res judicata as to grantor's right as against grantees.

The present appeal is from the judgment which followed trial on the merits after the Waco court's remand. Judgment was for the plaintiffs on their suit in trespass to try title.

On the trial on the merits a new ground of defense was advanced. It appears that before plaintiffs filed their suit against defendant they had filed a motion for a judgment nunc pro tunc in the old suit to quiet title. Their motion was denied. Premise of such motion was that since their joint petition stated that Dan L. Baker (appellant herein) had theretofore transferred and conveyed his interest in the subject realty to the children (appellees herein) of Mabel Smith, and that since the warranty deed whereby such transfer and conveyance was effected was introduced in evidence as part of the "plaintiff's case", a correct judgment should have decreed ownership of the Dan L. Baker interest in appellees rather than in appellant. Service of process on the motion was had on Dan L. Baker as the party to be adversely affected in the event such motion was granted. As respondent he filed an objection thereto and moved for dismissal of the motion. One ground of his objection asserted that a dispute existed, that it would be improper to attempt to adjudicate the same in the suit where the parties were co-plaintiffs, and that proper procedure would require that a new suit be filed.

Defendant Baker was undoubtedly correct in respect to proper legal procedure to resolve the dispute. An order overruling and denying the motion for judgment *nunc pro tunc* was entered in the former suit. In said order the trial court decreed denial and refusal of the motion for judgment nunc pro tunc, decreed as granted Baker's motion to dismiss the motion for judgment nunc pro tunc, and, going further, decreed "and the original judgment filed in this cause on March 29, 1955, is hereby ratified and confirmed, and sustained as being a valid and binding judgment."

It is by reason of the proceedings incident to the motion for judgment nunc pro tunc, and the court's decree in connection therewith, that defendant Baker now contends the relief sought by the plaintiffs is foreclosed. Standing adjudicated by force of the order and decree, according to defendant, is the fact that he has already prevailed in an adjudication of the title dispute in an action wherein plaintiffs were parties adversary to him. Defendant's theory is that the parties were true adversaries on the motion for judgment nunc pro tunc though they were not such at time of entry of the judgment thereby sought to be reformed and corrected.

We reject the contention and hold that nothing in the proceedings connected with plaintiff's motion for judgment nunc pro tunc in the former action, nor in the order and decree entered on said motion and on the counter motion of the defendant, had the effect of adjudicating the title dispute arisen between the parties. Concerning the law that a dismissal is not res judicata unless based on some ground that goes to the merits of the case see 34 Tex.Jur.2d 534, "Judgments", § 480, "Judgments of dismissal". Concerning reasons why it would have been improper for the trial court to have rendered a judgment nunc pro tunc in the former action as prayed for by the plaintiffs herein (as parties to the former suit) see 33 Tex.Jur.2d 516, et seq., "Judgments", § 28, "(Nunc Pro Tunc) In general", and § 31, "Hearing; Evidence and proof". None of said reasons could embrace or encompass the theory advanced by defendant that the issues presented by the instant suit stood adjudicated by the proceedings on the motion for judgment nunc pro tunc in the other.

■ Defendant complains of the judgment on the ground that there was an absence of necessary and indispensable parties, though he neither discloses their identity nor interest in the title which is the subject of litigation. He also complains of want of capacity for Mabel Smith to bring suit against him as next friend for the minor Jackie Von Smith, her son. The judgment was in trespass to try title and perforce the provisions thereof all interest in the subject property claimed by the defendant was adjudicated as belonging to the plaintiffs, settling the rights as between the named plaintiffs and the defendant. Furthermore, it is clear that the defendant could not be subjected to further action which could operate to his prejudice in subjecting him to liability in addition to that already decreed. He may not be heard in respect to these complaints and his points of error advancing them are overruled.

The deed under which plaintiffs asserted title was one from the defendant himself. It was on a New Mexico short form warranty deed form. Therein it was recited that the defendant, for and in consideration paid and love and affection did on January 17, 1952, grant all real estate he owned in Jack County, Texas, including, but not by way of limitation, all oil, gas and other mineral rights to his sister's children, Ouita Kay Smith, Vernon George Smith and Jackie Von Smith. The grantees, then all minors, were the plaintiffs in the trial court. The acknowledgment before a New Mexico notary recited that the defendant "acknowledged that he executed the same as his free act and deed", the usual additional language found in Texas acknowledgments, viz.: "for the purposes and considerations therein expressed" being wholly omitted. The deed was filed of record in Jack County, Texas on August 6, 1954, about the time various co-plaintiffs, including the parties to the instant suit, were suing to quiet their titles as against other kindred. This was the antecedent suit in which plaintiffs had sought the nunc pro tunc judgment heretofore discussed.

■ The deed is not fatally defective for want of the words usually found in the acknowledgments to Texas deeds. Plaintiffs and defendant are the identical parties to the instrument itself, this not being a suit as by parties to be found further removed from the instrument, as in a "chain of title". Execution by defendant was admitted and the admission of the deed into evidence was wholly proper. The deed purported to convey all lands owned by the defendant in a named county in Texas, such a description being sufficient to effect conveyance of such. Grantees were the niece and nephews of the grantor, whose relation with them at time of the grant encompassed mutual love and affection.

We need not concern ourselves with any question relating to realty interest in Jack County afterwards acquired by the defendant. The suit to quiet title to a fractional

interest in the same land in Jack County was one in which the judgment established that the defendant had the very interest he claimed or was entitled to claim as of January 17, 1952, when he executed the deed.

█ On the matter of delivery, evidence in the record adequately supported the finding that such occurred. Indeed, all the findings of fact requisite to the support of the judgment rendered for plaintiffs was fully supported by evidence, and were not against the greater weight and preponderance of the evidence.

The remainder of the points of error presented by the defendant bear upon his affirmative defense and cross-action. As to these we will state that the trial court, as fact finder, did not err in the findings and conclusions made, against the contentions of the defendant. They were not contrary to the greater weight and preponderance of the evidence.

Judgment is affirmed.